

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEREK VICICH,                          )
                                       )
              Plaintiff,               )
                                       )
        vs.                            )    No.  07 C 4811
                                       )
CITY OF OGLESBY, ILLINOIS, an          )
Illinois governmental entity, et al.,  )
                                       )
              Defendants.              )

## MEMORANDUM OPINION AND ORDER

Plaintiff Derek Vicich, a part-time emergency medical technician (EMT) for the

Oglesby Emergency Ambulance Service (Service), brought this suit against the City of

Oglesby, the Service and various policymaking officials of each entity. The complaint alleges

a First Amendment retaliation claim, 42 U.S.C. § 1983, and various state law claims. The

defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). For

the reasons stated herein, the motion is granted and plaintiff's complaint is dismissed.

## BACKGROUND

In ruling on defendants' motion we accept as true all facts alleged in plaintiff's

complaint and draw all reasonable inferences in favor of plaintiff. McMillan v. Collection

Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir. 2006).

Plaintiff was employed full-time as a deputy sheriff for LaSalle County. With the

approval of the sheriff's department, he also worked part-time as an EMT for the Service.

The Service was created by ordinance of the City of Oglesby. The ordinance requires that the

Service be operated by a board of directors so as to provide volunteer emergency ambulance

service within the City of Oglesby, but at the same time remain independent of the city council, the fire department, and the police department.

On August 18, 2005 plaintiff responded as an EMT to a call to the Oglesby Police Department. The call requested assistance for two persons in custody of the Oglesby police. Both individuals had suffered lacerations and abrasions, and one was bleeding from the area of the head. When plaintiff arrived at the police station, Police Chief Tom Martin was cleaning blood from a squad car. Plaintiff asked Martin what happened, but he did not answer. Plaintiff again asked Martin how the two men in custody were injured, and this time he also asked whether it was a car crash, a rollover accident, or had they been beaten up.

Martin did not answer the question; instead, he began yelling at plaintiff. He followed plaintiff into the police station, yelling at him and telling him that he would "get his job for that." Plaintiff and the other Service personnel who responded, examined the individuals in custody and determined that they needed to be seen by a physician. They transported the individuals to a nearby hospital for examination and treatment.

Martin informed the Oglesby Commissioner of Public Safety Sue Zielenski of the incident, and insisted that plaintiff's employment be terminated. Sometime after the incident, Zielenski gathered the officers of the Service in a meeting.[1] The officers voted to terminate plaintiff. Plaintiff protested to the officers that they lacked the authority to terminate him because such an action requires approval of the board of directors.[2] The officers informed

---

[1] At the relevant time, the officers of the Service were Cheryl Popurelli, President, Kelli Shan, Vice President, Ben Bentley, Secretary, Dusty Shan, Treasurer, and Cathie Evans, Training Officer. Each is named as a defendant in this suit.

[2] Contrary to the City of Oglesby ordinance, the Service had no board of directors at the time of these acts occurrences.

plaintiff that he could appeal the decision to Zielenski and Mayor Jerry Scott.

Plaintiff attempted to appeal but was rebuffed. Zielenski responded to his request to appeal, by saying that he was fired and that that was the end of it. Scott, although aware of what was taking place, did nothing to involve himself in the matter. No hearing or acknowledgment of plaintiff's appeal to Zielenski and Scott was ever made.

Plaintiff then brought this suit. In the complaint he alleges that the City, Zielenski, Scott and Martin (the City defendants), and the Service and its officers (the Service defendants), deprived him of his right to free speech under the First Amendment. Although not expressed as such, this is simply a First Amendment retaliation claim – plaintiff, a public employee, alleges he was fired because of something he said. Additionally, plaintiff raises two state law claims: interference with prospective economic advantage and unlawful termination. He seeks injunctive relief in the form of reinstatement to his former position as an EMT with the Service, damages in the amount of $100,000 and attorney's fees and expenses.

## ANALYSIS

As an initial matter, plaintiff's response to the motion to dismiss indicates that he is amending his complaint as a matter of course. Defendants argue that, under Rule 15(a) he may not do so without leave of court. But Rule 15(a) provides a party the opportunity to amend its pleading once as a matter of course, before they are served with a responsive pleading (Rule 15(a)(2)). "A motion to dismiss the complaint is not a responsive pleading." Johnson v. Dossey, 515 F.3d 778, 780 (7th Cir. 2008) (citations omitted). But there is an exception to the rule. If it appears that the proposed amended complaint will not survive a motion to dismiss, we need not allow it to be filed. *Id.* Plaintiff intends to amend the complaint by dismissing the Service defendants from the First Amendment claim (most likely due to the

realization that such a claim against them will not stand), and by adding a breach of contract claim against the Service defendants. Because plaintiff does not seek to add any federal claims, and we decline to exercise our supplemental jurisdiction on his state law causes of action, the amended complaint will not survive a motion to dismiss. Accordingly, we deny leave to file the amended complaint.

We turn now to the merits of the motion to dismiss. Complaints in federal court must meet two requirements. First, the complaint must describe the claim in sufficient detail to give the defendants "fair notice of what the claim is and the grounds upon which it rests." Second, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief. Bell Atl. Co. v. Twombly, 127 S.Ct. 1955, 1964 (2007); EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). We focus our inquiry on the second requirement.

In order to state a claim for First Amendment retaliation, plaintiff must allege that his speech was constitutionally protected, he suffered a deprivation likely to deter free speech, and his speech was a motivating factor in the employer's action. See Massey v. Johnson, 457 F.3d 711, 716 (7th Cir. 2006). Defendants argue that plaintiff's speech was not protected under the First Amendment and therefore his complaint fails to state a claim for which relief can be granted.

Public employees do not give up all of their First Amendment rights by virtue of their employment. Connick v. Myers, 461 U.S. 138, 142 (1983); Pickering v. Bd. of Educ. of Township High Sch. Dist. 205, Will County, Ill., 391 U.S. 563, 568 (1968). The First Amendment protects a public employee's right to speak as a citizen addressing matters of public concern under certain circumstances. Morales v. Jones, 494 F.3d 590, 595 (7th Cir. 2007). "In such circumstances, an employer may not retaliate against an employee for

engaging in protected speech." Sigsworth v. City of Aurora, Ill., 487 F.3d 506, 509 (7th Cir. 2007). But the Supreme Court clarified, in Garcetti v. Ceballos, 547 U.S. 410, 421 (7th Cir. 2007), that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate the communications from employer discipline." After Garcetti, when a court undertakes an analysis to determine whether a public employee's speech is constitutionally protected, the threshold inquiry is whether the employee's expressions were made pursuant to his official duties. Spiegla v. Hull, 481 F.3d 961, 965 (7th Cir. 2007). If so, the speech is not constitutionally protected. Id. See also Morales v. Jones, 494 F.3d at 596 ("In light of Garcetti, the crux of our inquiry is whether Morales' and Kolatski's speech was made pursuant to their official duties."); Sigsworth, 487 F.3d at 510 ("We therefore engage in the balancing of public and private interests under Pickering and its progeny only when the government penalizes speech that a plaintiff utters as a citizen." (internal quotations omitted)).

We need not undertake an exhaustive analysis of whether plaintiff's speech was made pursuant to his official duties, because the complaint alleges that it was (cplt., ¶¶ 19-20). Plaintiff recognizes this, and in an attempt to circumvent Garcetti, argues that he was employed by the Service, which is a separate entity from the City. Because he was not employed by the City, he concludes that the holding of Garcetti does not apply to his claims against the City defendants. We find this argument puzzling. The complaint alleges that Zielenski and Scott, by nature of their positions as commissioner and mayor, respectively, were part of a purported appeal process that never took place (cplt., ¶¶ 27-29). The ordinance creating the Service indicates that while the board of directors of the Service are responsible for the day-to-day management of the Service, the board ultimately reports to the mayor and

city council (plf's resp. at 15-16). Further, the City provides the funding for the Service's paid EMTs. *See id.* Although the Service may have hired plaintiff, the City's oversight role renders it plaintiff's employer.[3]  In any event, the focus of the inquiry under <u>Garcetti</u> is on the employee, not the employer.  Plaintiff alleged in the complaint that his comments to Martin were pursuant to his duties as an EMT.  Therefore, his speech is not protected under the Constitution and his First Amendment claim is dismissed with prejudice.

The remaining claims in the complaint are state law claims. Our jurisdiction over those claims was predicated on the First Amendment claim. 28 U.S.C. § 1367(a). Because we have dismissed the claim over which we had original jurisdiction, we decline to exercise our supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). If plaintiff was wrongfully terminated (and we make no determination that he was), then his remedies lie in state court. Accordingly, plaintiff's remaining state law causes of action are dismissed without prejudice.

JAMES B. MORAN
Senior Judge, U. S. District Court

_April 4_, 2008.

---

[3] Had we determined that the City was not plaintiff's employer, it would not have changed our decision to grant the motion to dismiss. If the City was not plaintiff's employer, then there could be no retaliation on the part of the City defendants. *See* <u>Massey</u>, 457 F.3d at 716 (holding that one requirement for First Amendment retaliation is that speech in question "was at least a motivating factor in the *employer's action*." (emphasis added)). Plaintiff would still have failed to state a First Amendment claim for which relief could be granted.